**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION**

| | | |
|---|---|---|
| Deborah Burke, n/k/a Maurer, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:19-cv-139 |
| C.U. Recovery, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Deborah Burke, n/k/a Maurer brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq</u>. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Deborah Burke, n/k/a Maurer ("Burke"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt owed for a "3Rivers FCU" account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the

Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, C.U. Recovery, Inc. ("CU Recovery"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. CU Recovery operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant CU Recovery was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant CU Recovery is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant CU Recovery conducts extensive business in Indiana.

6. Defendant CU Recovery is not licensed as a debt collection agency in the State of Indiana. However, Defendant CU Recovery acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. Ms. Burke fell behind on paying her bills, including a consumer debt she allegedly owed for a 3Rivers FCU account. Defendant CU Recovery thereafter began trying to collect this debt from Ms. Burke by sending her a collection letter, dated September 6, 2017. A copy of this collection letter is attached as Exhibit B. This caused Ms. Burke to seek the assistance of the legal aid attorneys at the Chicago Legal

2

Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions.

8.      Accordingly, via a letter dated November 9, 2017, one of Ms. Burke's attorneys at LACD informed Defendant, in writing, that Ms. Burke was represented by counsel, and directed CU Recovery to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Burke was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

9.      That same day, November 9, 2017, Defendant accepted the negotiated payment plan.  A copy of this letter is attached as Exhibit D.

10.     Thereafter, from December 2017 through January 4, 2019, from their offices in Chicago, Illinois, Ms. Burke's attorneys at LACD sent Defendant CU Recovery monthly payments, which payments were accepted by Defendant.

11.     Nonetheless, Defendant CU Recovery communicated directly with Ms. Burke, via letters, dated October 11, 2018, November 12, 2018, December 11, 2018 and January 11, 2019, regarding payment of the 3Rivers FCU debt.  Copies of these collection letters are attached as Group Exhibit E.

12.     Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to demand the collection communications made directly to her cease and, instead, be directed to her attorneys, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

13. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion.

14. Defendant's collection actions complained of herein (Group Exhibit E) occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications, see, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Burke's attorney/agent, LACD, told Defendant to cease communications with Ms. Burke (Exhibit C). By continuing to communicate via letters regarding the debt, and demanding payment from Ms. Burke (Group Exhibit E), Defendant CU Recovery violated § 1692c(c) of the FDCPA.

19. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. see, 15 U.S.C. § 1692c(a)(2).

22. Defendant CU Recovery knew that Ms. Burke was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant to cease directly communicating with her.  By directly sending Ms. Burke collection letters (Group Exhibit E), despite being advised that she was represented by counsel, Defendant CU Recovery violated § 1692c(a)(2) of the FDCPA.

23. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Deborah Burke, prays that this Court:

1. Find that Defendant CU Recovery's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Burke and against Defendant CU Recovery, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by §1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deborah Burke, demands trial by jury.

                      Deborah Burke,

                      By: /s/ David J. Philipps_____
                      One of Plaintiff's Attorneys

Dated: April 3, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com